

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Andrew J. Hickey
County Auditor
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. O-4476
Re:  What compensation is to be
allowed those talesmen who
live within one mile of the
courthouse and those who live
more than one mile from the
courthouse, and other questions?

Your letter of February 28, 1942, requesting the
opinion of this Department on the questions stated therein,
reads as follows:

"Your interpretation of the following questions
will be appreciated:

"What is the compensation due to be allowed tales-
men, both those who live within one mile and more than
one mile from the courthouse?

"If such talesman serves as juror he is paid the
regular fee for services of jurors, but when he is only
called, examined and excused, then what is the compensa-
tion due him?

"The compensation of excused or unused special
venireman is $1.00 if he lives more than one mile from
the courthouse, but what is it if he lives within one
mile of the courthouse?

"What is the proper manner of paying the compensa-
tion of the court bailiff, by warrant drawn by the Dis-
trict Clerk, or upon their account being presented thereto
the Commissioners' Court, through the County Clerk?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Where you use the word "talesman" in your inquiry, we are not sure as to how such word is used, whether in a narrow, restricted and technical sense or in a broad sense as synonymous with "individual juror" or men summoned on a special venire as authorized by Article 587, Vernon's Annotated Code of Criminal Procedure.

It is stated in Texas Jurisprudence, Volume 26, page 568:

"The word 'talesmen' originated in the commencing phrase 'tales de circumstantibus' occurring in the latin form of the writ to the sheriff to bring into court men required for jury service in an emergency. In this narrow sense 'talesmen' does not comprehend a sheriff selected jury drawn from the county at large; originally, at least, it signified such of the bystanders as the sheriff picked up at short notice. The statute appears to recognize this restrictive sense for it uses 'talesmen' only to signify men added to the panel in order to complete a jury for the particular cause. However, 'talesman' is also sometimes used in a broad sense as synonymous with 'individual juror'." (See Art. 2141, V.A.C.S.; Art. 596, V.A.C.C.P.)

Article 596, Vernon's Annotated Code of Criminal Procedure provides:

"On failure from any cause to select a jury from those summoned upon the special venire, the court shall order the sheriff to summon any number of men that it may deem advisable, for the formation of the jury."

Article 599, Vernon's Annotated Code of Criminal Procedure, reads as follows:

"When the sheriff is ordered by the court to summon persons upon a special venire whose names have not been selected under the jury wheel law or the special venire list, the court shall, in every case, caution and direct the sheriff to summon such men as have legal qualifications to serve on juries, informing him of what those qualifications are, and shall direct him, as far as he may be able to summon men of good character who can read and write, and such as are not prejudiced against the defendant or biased in his favor, if he knows of such bias or prejudice."

Article 625, Vernon's Annotated Code of Criminal Procedure, provides:

"All men summoned on special venire, who have been challenged or excused from service on the trial, shall be paid out of the jury fund one ($1.00) dollar for each day that he attends court on such summons. No person shall receive pay as a special venireman and a regular juror for the same day. No per diem shall be allowed under this article to any venireman for more than one case tne same day."

Article 625, supra, was amended in 1939 by the 46th Legislature, page 142, Section 1. Said article, before the amendment, applied to all counties in the State and provided compensation of one dollar for each day that a special venireman attended court on summons except in the cases where the special venireman resided less than one mile distant from the courthouse, or where the special venireman resided within the corporate limits of the county seat, if incorporated. From the emergency clause of Senate Bill No. 401, Acts of the 46th Legislature, supra, it is apparent that it was the intention of the Legislature to enlarge Article 625, supra, so all special veniremen would receive the compensation of one dollar each, for each day that they attended court as such veniremen, including those who resided less than one mile from the courthouse, and those who resided within the corporate limits of the county seat, except those special veniremen who reside in counties having a population of not less than 290,000 or more than 355,000 inhabitants, according to the last preceding federal census and all future federal censuses.

If you have used the word "talesman" as veniremen summoned on a special venire by virtue of Article 587, supra, each special venireman so summoned would receive as compensation one dollar each for each day that he attended court as such venireman, including those who resided less than one mile from the courthouse, and those who resided within the corporate limits of the county seat, except those residing in counties having the population above mentioned, which does not apply to Victoria County.

If you have used the word "talesmen" as referring to men summoned by virtue of Art. 596, supra, such men would be entitled to the same compensation as those summoned on a special venire by virtue of Art. 587, supra. We think that, in considering and construing Articles 596 and 599, V.A.C.C.P. together, men who are summoned by virtue of Art. 596 are special veniremen to the same extent as those summoned under Art. 587, and as Art. 625 provides in effect that all men summoned on special venire, who have been challenged or excused from service on the trial, shall be paid out of the jury fund one dollar for each day that he attends court on such summons.

In connection with the foregoing we direct your attention to our opinions Numbers O-1504-A and O-2666; copies of these opinions are enclosed for your convenience.

We now consider your question, "What is the proper manner of paying the compensation of the court bailiff, by warrant drawn by the district clerk, or upon their account being presented thereto, to the commissioners' court through the county clerk?"

In connection with the foregoing question we have carefully considered Article 1725, Vernon's Annotated Civil Statutes, Articles 367, 367a, 1058, and 1058a, Vernon's Annotated Code of Criminal Procedure, regarding the appointment and compensation of court bailiffs for the Supreme Court, various courts of civil appeals, grand jury bailiffs; Article 1058a, supra, also pertains to sheriffs and his deputies acting as court bailiffs in counties having a population of over 350,000 inhabitants according to the last preceding federal census. We have failed to find any authority authorizing Victoria County to have a court bailiff, as that term is ordinarily used and understood.

Article 3933, Vernon's Annotated Civil Statutes, provides in part:

"For every day the sheriff or his deputies shall attend a district or county court, he shall receive four ($4.00) dollars a day, to be paid by the county for each day that the sheriff, by himself, or a deputy shall attend said court."

However, Victoria County has a population of 23,642 inhabitants, according to the 1940 federal census and the county officials of said county are compensated on an annual salary basis.

This being true, the above quoted provision of Article 3933 would not apply to said county in view of the officers salary law. If you have reference to compensation of grand jury bailiffs and the manner in which they are to be paid, upon your request we will be glad to give this question our further consideration.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

MAR 1942

AW:AMM

ENCLOSURES